UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIN RICE,<br><br>    Plaintiff,<br><br>  vs.<br><br>NICOLE CARPER, in her official capacity; KALEB HELVIN, in his official capacity; ALEX HELVIN, in his or her official capacity; MINNEHAHA COUNTY; ALICIA PRICE, Supervisor (Child Protective Services), in her official capacity; JOHN DOE, Police of Sioux Falls, in his official capacity,<br><br>    Defendants. | 4:22-CV-04083-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

  Plaintiff, Erin Rice, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Rice moved for leave to proceed in forma pauperis, but she did not include sufficient information in her financial affidavit. *See* Docket 3. This court ordered Rice to submit a completed financial affidavit. Docket 5. Rice appealed that order and submitted a motion for leave to proceed in forma pauperis on appeal which included a more thorough financial affidavit. Dockets 7, 11. This court granted Rice's motion for leave to proceed in forma pauperis on appeal, and the Eighth Circuit Court of Appeals dismissed Rice's appeal for lack of jurisdiction. Dockets 12, 13. This court will use Rice's more thorough financial affidavit to evaluate her pending motion for leave to proceed in forma pauperis.

Rice has also filed an amended complaint. Docket 4. This court construes Rice's filing of an amended complaint as a motion to amend her complaint. *See id.* Because Rice's complaint has not yet been served on defendants, Rice may amend her complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Thus, Rice's motion to amend her complaint (Docket 4) is granted. For purposes of screening, this court will draw facts from both Rice's original complaint and her amended complaint.

I.   **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Rice's financial affidavit, the court finds that she has insufficient funds to pay the filing fee. Thus, Rice's motion for leave to proceed in forma pauperis (Docket 3) is granted.

## II.     1915 Screening

### A.     Factual Background

The facts alleged in Rice's complaint are: that in 2015, a Sioux Falls police officer entered her home and searched her purse without consent, finding drug paraphernalia. Docket 1 at 2-3. Rice claims that the officer "came to [her] house while we were asleep on pretext that they were there to check on [the] welfare of our minor children[.]" *Id.* at 2. She claims that Native American guests at her home answered the door and that the officers entered without a warrant and illegally searched her purse and the purses of her guests. *Id.* at 2-3. Rice alleges that she was then arrested for possession of drug paraphernalia and that her children were seized. *Id.* at 3. She alleges that her criminal defense lawyer failed to raise constitutional issues regarding illegal search and seizure and instead focused on how Rice could get her children back. *See id.*

In a document attached to her initial complaint, Rice alleges that Child Protective Services (CPS) coerced her into signing away custody of her children by telling her to sign documents that were only supposed to go into effect if she died or was sent to prison. Docket 1-2 at 1. She alleges that these documents actually signed away custody of her children, even though she did not die or go to prison. *Id.* She also alleges that Alex Helvin and Kaleb Helvin, defendants in this lawsuit, were able to adopt her children as a result of these signed documents. *Id.* In her amended complaint, Rice clarifies that she "is not claiming that she was tricked into signing away [her] parental rights" and that

3

she only seeks to bring claims for the warrantless entry into her home and warrantless search of her purse. Docket 4 at 1-2.

Rice brings claims against all defendants in their official capacities.[1] *See* Docket 1 at 1-3; Docket 4 at 1-5. She asks this court for a declaration that the Sioux Falls Police Department had no authority to take her children away, for an injunction preventing defendants "and all other persons acting in active concert and participation with, from further restraining [her] children[,]" and "for whatever else the court considers just[.]" Docket 4 at 4. She asks that her children be returned. Docket 1 at 3. She also seeks $500,000,000.00 in money damages. *Id.*

B.   **Legal Background**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

---

[1] If a plaintiff does not specify the capacity in which he sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Rice sues defendants in their official capacities only.

4

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C.

5

§ 1915(e)(2)(B). The court will now assess Rice's amended complaint under 28 U.S.C. § 1915.

### C.     Legal Analysis

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint . . . when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (citations omitted). "[T]he [United States] Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983." *Bell v. Gross*, 2021 WL 2336936, at *2 (D.S.D. June 8, 2021) (citing *Wilson v. Garcia*, 471 U.S. 216, 266-68 (1985)). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (citing SDCL § 15-2-15.2).

Rice alleges that the constitutional deprivation occurred on an unspecified date in 2015. *See* Docket 1 at 1-2; Docket 4 at 2. Thus, under SDCL § 15-2-15.2, Rice needed to bring this action by the same date in 2018. South Dakota "ha[s] not officially adopted the equitable tolling doctrine for civil cases[.]" *In re Estate of French*, 956 N.W.2d 806, 811 (S.D. 2021) (citing *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822, 825 n.2 (S.D. 2010)); *see also Bourassa v. United States*, 581 F. Supp. 3d 1188, 1198-1200 (D.S.D. 2022) (discussing the South Dakota equitable tolling standard as applied to a *Bivens* claim). "The threshold for consideration of equitable tolling is inequitable

circumstances not caused by the plaintiff that prevent the plaintiff from timely filing." *In re Estate of French*, 956 N.W.2d at 811-12 (quoting *Anson*, 788 N.W.2d at 826).

Here, Rice makes no allegations of inequitable circumstances that prevented her from timely filing this lawsuit. *See* Docket 1 at 1-3; Docket 4 at 1-5. Instead, she only alleges that the incident in question violated her rights. *See* Docket 1 at 1-3; Docket 4 at 1-5. Thus, she makes no showing of inequitable circumstances, and her complaint is properly dismissed under *Myers*. *See* 960 F.2d at 751 (citations omitted); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Rice's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Rice's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. That Rice's motion to amend her complaint (Docket 4) is granted.

3. That Rice's amended complaint (Docket 4) is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

4. That judgment is entered in favor of Nicole Carper, Kaleb Helvin, Alex Helvin, Minnehaha County, Alicia Price, and John Doe.

Dated December 14, 2022.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE